UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMEREX ENVIRONMENTAL SERVICES, INC., | ) ) | Case No. 14-35495 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

FINAL ORDER (I) AUTHORIZING POSTPETITION FINANCING,
(II) GRANTING LIENS, SECURITY INTERESTS AND SUPERPRIORITY CLAIMS,
(III) PROVIDING ADEQUATE PROTECTION, AND
(IV) GRANTING RELATED RELIEF

Upon final consideration of the motion (the "Motion") of Amerex Environmental Services, Inc. (the "Debtor") for the entry of an order pursuant to 11 U.S.C. §§ 105, and 364 and Fed. R. Bankr. P. 4001 authorizing it to (i) obtain up to $150,000 in postpetition financing on a revolving basis from Joseph J. Pircon ("Pircon") subject to the terms and conditions set forth herein, (ii) grant security interests and other liens and superpriority claims (including claims, liens and security interests pursuant to 11 U.S.C. § 364(c), (d)) to Pircon to secure the postpetition financing, (iii) granting adequate protection to Pircon in connection with his prepetition secured claim against the Debtor, and (iv) grant related relief in connection with the foregoing, all as more fully set forth herein, and upon the proceedings held before this Court; and good and sufficient cause appearing therefor.

THE COURT HAVING BEEN ADVISED THAT THE DEBTOR, PIRCON AND THE CREDITORS COMMITTEE HAVE STIPULATED AS FOLLOWS:

A.    On September 30, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is now operating its business and managing its properties as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

B. Notice of the Motion by the Debtor satisfied the requirements of Rule 4001 (c) and (d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

D. Pircon is willing to provide up to $150,000 in postpetition financing on a revolving basis ("DIP Financing") to the Debtor, subject to the terms and conditions set forth herein.

E. Good cause has been shown for the entry of this Order. The Debtor requires the contemplated postpetition financing. The DIP Financing will enable the Debtor to solve short term cash flow difficulties caused by its bankruptcy filing and the refusal of certain vendors to provide trade credit on a postpetition basis. Without such DIP Financing, the Debtor will be unable to administer, and maintain the value of, its remaining assets, causing irreparable harm to the Debtor, its estate and its creditors.

F. Except as provided in this Order, the Debtor is unable to obtain the required financing in the form of (a) unsecured credit or unsecured debt allowable under section 503(b)(1) of the Bankruptcy Code, (b) an administrative expense pursuant to section 364(a) or (b) of the Bankruptcy Code, (c) unsecured debt solely having the priority afforded by section 364(c)(1) of the Bankruptcy Code, or (d) debt secured as described in section 364(c)(2) or (3) of the Bankruptcy Code.

G. The terms of the DIP Financing have been negotiated in good faith among the Debtor and Pircon, and such terms are fair and reasonable under the circumstances, reflect the Debtor's exercise of its prudent business judgment.

H. The Debtor, Pircon and the Creditors Committee have concluded that the entry of this Order is in the best interests of the Debtor, its estate and creditors as its implementation will,

among other things, allow for the orderly administration of the Debtor's estate and preservation and maximization of the value of the assets remaining in such estate.

THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. The Motion is granted on a final basis, subject to the terms and conditions set forth in this Order.

2. The Debtor is authorized to incur the DIP Financing and thereby borrow from Pircon, pursuant to the terms of this Order and the DIP Loan Documents (as defined in the following paragraph), up to an aggregate principal amount of $100,000 on a revolving basis; provided that, Pircon, in his sole and absolute discretion, may increase the amount of the DIP Financing up to an aggregate principal amount of $150,000 on a revolving basis. The Debtor shall give counsel for the Creditors Committee at least three (3) business days' prior written notice of any such increase.

3. Notwithstanding anything to the contrary in this Order, the Debtor shall not be permitted to use DIP Financing loans to pay any professional fees unless Pircon provides his written consent to such professional fee payments.

4. Subject to the terms of this Order, the Debtor is hereby authorized to take such further actions and enter into such agreements, instruments and documents (collectively, the "DIP Loan Documents")[1] as may reasonably be necessary or required to evidence the DIP Financing and its corresponding obligations to Pircon, and to consummate the terms and provisions of this Order. Upon execution and delivery of the DIP Loan Documents, they shall constitute the valid and binding obligation of the Debtor enforceable against the Debtor according to their terms.

---

[1] Subject to the terms of this Order, the DIP Loan Documents will be similar in form to the note and loan agreement collectively attached as exhibits to the Motion.

5. To the extent that the Debtor has obligations to Pircon that were (i) incurred prior to the Petition Date, and (ii) are secured by non-avoidable liens on any of the Debtor's assets (such obligations, the "Prepetition Obligations," such liens, the "Prepetition Liens," and such assets, the "Prepetition Collateral"), such Prepetition Obligations shall continue to be secured by the Prepetition Liens. No finding is made herein regarding the validity or enforceability of such Prepetition Obligations or Prepetition Liens.

6. All borrowings and other indebtedness and obligations incurred by the Debtor pursuant to this Order and the DIP Loan Documents (including principal, accrued and unpaid interest) are referred to herein as the "DIP Indebtedness."

7. The DIP Indebtedness shall bear non-default interest at the rate of four and one-half percent (4.5%) per annum.

8. The Debtor shall be permitted to borrow the DIP Indebtedness subject to the terms and conditions of this Order and the DIP Loan Documents.

9. To secure the DIP Indebtedness, Pircon is hereby granted, pursuant to sections 364(c)(2), 364(c)(3) and 364(d) of the Bankruptcy Code, valid, binding, enforceable and perfected liens on and security interests in (the "DIP Liens"), without limitation, any and all assets and rights of the Debtor, wherever located, whether now owned or hereafter acquired or arising, including all personal, fixture and real property, all goods (including inventory, equipment and any accessions thereto), instruments (including promissory notes), documents, accounts, chattel paper (whether tangible or electronic), deposit accounts, letter-of-credit rights (whether or not the letter of credit is evidenced by a writing), securities and all other investment property, supporting obligations, other contract rights or rights to the payment of money, insurance claims and proceeds, all general intangibles, any and all causes of action (excluding

4

any causes of action of the Debtor pursuant to Chapter 5 of the Bankruptcy Code), and the proceeds, products, rents and profits of all the foregoing (all of the foregoing, the "Collateral").

10. The DIP Liens shall constitute a first-priority perfected security interest in and lien upon all of the Collateral subject to any preexisting, properly perfected, non-avoidable liens or security interests that exist as of the date of this Order other than the Prepetition Liens. Specifically, pursuant to section 364(d) of the Bankruptcy Code, the DIP Liens shall be senior to and shall prime the Prepetition Liens.

11. As adequate protection for any diminution in the value of any valid Prepetition Liens in the Prepetition Collateral after the Petition Date, in accordance with sections 363(c) and 364(d) of the Bankruptcy Code, Pircon is hereby granted, pursuant to sections 361 and 364(d) of the Bankruptcy Code, valid, binding, enforceable and perfected liens (the "Adequate Protection Liens") in all Collateral. The Adequate Protection Liens shall be valid and enforceable without further action by Pircon and shall be subject to the DIP Liens but senior and superior pursuant to Section 364(d) of the Bankruptcy Code to the Prepetition Liens.

12. The DIP Indebtedness shall also have administrative priority in this chapter 11 case (the "Bankruptcy Case") in accordance with the provisions of section 364(c)(1) of the Bankruptcy Code over all administrative expenses of the kind specified in section 503(b) or 507(b) of the Bankruptcy Code ("Superpriority") but such Superpriority claim shall not be satisfied from the proceeds of causes of action of the Debtor under Chapter 5 of the Bankruptcy Code, notwithstanding any other term of this Order or the DIP Loan Documents.

13. The DIP Indebtedness shall be immediately due and payable on the date ("Loan Maturity Date") that is the first to occur of (i) June 30, 2015, or such later date as Pircon may agree in his sole and absolute discretion; (ii) the effective date of a chapter 11 plan; and (iii) the occurrence of a Termination Event (as defined in the following paragraph). Following the

5

occurrence of the Loan Maturity Date, Pircon shall be entitled to terminate any further advances on the DIP Financing. Upon the Loan Maturity Date, the Debtor is authorized and directed to (x) pay the outstanding amount of the DIP Indebtedness to Pircon; and (y) use any cash proceeds of the Collateral in order to make such payment.

14. The occurrence of any of the following shall constitute a "Termination Event" under this Order upon notice to the Debtor by Pircon:

(a) Occurrence of an event of default under the Loan Documents;

(b) Appointment of a chapter 11 trustee for the Debtor;

(c) Dismissal of the Bankruptcy Case or conversion of the Bankruptcy Case to chapter 7;

(d) Entry of an order reversing, staying, vacating, or otherwise modifying in any material respect the terms of this Order;

(e) Except to the extent that it provides for payment in full of the super-priority claims of Pircon granted under this Order, any request for authorization to obtain post-petition loans or other financial accommodations (a) pursuant to Bankruptcy Code section 364(d), or (b) that seeks to grant a super-priority claim senior to, or *pari passu* with, the super priority claims of Pircon pursuant to Bankruptcy Code section 364(c) or otherwise; and

(f) Granting of relief from the automatic stay to permit any creditor to take action with respect to the Debtor's property or improvements thereon.

15. Until the DIP Indebtedness is paid in full and except to the extent that Pircon may otherwise agree in his sole and absolute discretion, the Debtor is authorized and directed to pay Pircon any cash proceeds that the Debtor receives from its accounts receivable and other proceeds of the Collateral, and such payment shall be made within two (2) business days of the Debtor's receipt and applied to the DIP Indebtedness in accordance with the terms of the DIP Loan Documents. Under no circumstances shall such cash proceeds be applied to any Prepetition Obligations except pursuant to subsequent order of this Court.

16. Until the DIP Indebtedness is paid in full, the Debtor is enjoined and prohibited from granting claims or liens in the Collateral or any portion thereof to any other parties pursuant to sections 364(c) and (d), 503(b) or 507(b) of the Bankruptcy Code or otherwise, which claims or liens are senior to, or on parity with, any of the DIP Liens or the Superpriority claims.

17. The liens granted herein shall be deemed valid, binding, enforceable and perfected upon entry of this Order. Pircon shall not be required to file any UCC-1 financing statements, mortgages, deeds of trust, security deeds, notices of lien or similar documents or take any other action (including possession of any of the Collateral) in order to validate the perfection of the liens granted herein. If Pircon, in his discretion, chooses to file any such mortgages, deeds of trust, security deeds or UCC-1 financing statements, or take any other action to validate the perfection of any part of the liens granted hereunder, the Debtor and its officer(s) are directed to execute any documents or instruments as Pircon may reasonably request, and all such documents and instruments shall be deemed to have been filed or recorded at the time and on the date of entry of this Order. Pircon may, in its discretion, file a certificated copy of this Order in any filing office in any jurisdiction in which the Debtor is organized, or has or maintains Collateral or an office, and each filing office is directed to accept such certified copy of this Order for filing and recording. The Debtor shall execute and deliver to Pircon all such agreements, financing statements, instruments and other documents as Pircon may reasonably request to evidence, confirm, validate or perfect the liens granted pursuant hereto.

18. Subject to the following paragraph, the automatic stay pursuant to section 362 of the Bankruptcy Code is hereby vacated as to Pircon to permit him to perform in accordance with, and exercise, enjoy and enforce its rights, benefits, privileges and remedies pursuant to this Order and any other DIP Loan Documents without further application or motion to, or order from, the Court, and regardless of any change in circumstances (whether or not foreseeable),

neither § 105 of the Bankruptcy Code nor any other provision of the Bankruptcy Code or applicable law shall be utilized to prohibit Pircon's exercise, enjoyment and enforcement of any of such rights, benefits, privileges and remedies. Pircon is hereby granted leave to (a) receive and apply payments and proceeds of the Collateral to the DIP Indebtedness, (b) to give the Debtor any notice provided for in any of the DIP Loan Documents or this Order, and (c) upon the occurrence of a default under such documents, or upon the Loan Maturity Date, and without application or motion to, or order from the Court or any other court, (i) terminate the DIP Financing under this Order and the other DIP Loan Documents, (ii) declare all DIP Indebtedness immediately due and payable, (iii) revoke the Debtor's right, if any, under this Order and/or the other DIP Loan Documents and (iv) cease making loans or other extensions of credit and/or suspend or terminate any obligation of Pircon to make loans or other extensions of credit under this Order or the DIP Loan Documents.

19. Upon the occurrence of the Loan Maturity Date or any default of the Debtor under the DIP Loan Documents or this Order, Pircon shall be entitled (i) to file an emergency motion for relief from the automatic stay for the purpose of foreclosing or otherwise enforcing its liens on any or all of the Collateral and/or to exercise any other default-related remedies under the DIP Loan Documents, this Order or applicable law, and (ii) to obtain an expedited hearing on such motion upon five (5) days' notice to counsel for the Debtor, the Creditors Committee and the U.S. Trustee. Pircon shall be entitled to such relief from the automatic stay upon a showing only that one or more defaults have occurred and are then continuing or that the Loan Maturity Date has occurred. Upon the entry of an order granting Pircon relief from the automatic stay to enforce its liens or to exercise any other default-related remedies, (i) Pircon may exercise any remedies available to Pircon under this Order and the DIP Loan Documents or applicable law, including to foreclose on the Collateral, (ii) provided that Pircon in its sole discretion has made

available to the Debtor (through additional Postpetition Loans or by consenting to Debtor's use of cash collateral) sufficient funds to pay the costs thereof, the Debtor shall cooperate with Pircon in connection with any enforcement action by Pircon by, among other things, (A) providing access to its premises to representatives of Pircon, (B) providing Pircon access to its books and records, (C) performing all other obligations set forth in this Order and/or the other DIP Loan Documents, and (D) taking reasonable steps to safeguard and protect the Collateral until Pircon can make adequate provision to protect and safeguard the Collateral, and the Debtor shall not otherwise interfere or encourage others to interfere with Pircon's enforcement of its rights. Nothing contained herein shall prohibit the Debtor or the Creditors Committee from contesting the occurrence of a default or the request by Pircon to modify the automatic stay.

20. Notwithstanding anything herein or the occurrence of a Default under the DIP Loan Documents, all of the rights remedies, benefits and protections provided to Pircon under the DIP Loan Documents and this Order shall survive the Default and any termination of the DIP Loan Documents or the obligations of Pircon thereunder.

21. The provisions of this Order shall be binding upon and inure to the benefit of Pircon and the Debtor and their respective successors and assigns (including any trustee hereafter appointed or elected for the Debtor's estate, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary hereafter appointed as a legal representative of the Debtor or with respect to the property of the estate of the Debtor).

22. Based on the findings set forth in this Order and in accordance with section 364(e) of the Bankruptcy Code, which is applicable to the financing arrangement contemplated by this Order, in the event that any or all of the provisions of this Order or the DIP Loan Documents are hereafter modified, amended or vacated on appeal, no such modification, amendment or vacation

shall affect the validity, enforceability or priority of any liens or claims authorized or created hereby or thereby.

23. To the extent of any conflict between or among the express terms or provisions of the Loan Documents, the Motion, any other order of this Court, or any other agreements and the express written terms and provisions of this Order, the terms and provisions of this Order shall govern.

24. This Order shall take effect immediately upon execution hereof.

25. This Court retains and reserves jurisdiction to enforce all provisions of this Order.

Dated: DEC 16 2014, 2014

ENTER:

_____
Pamela S. Hollis
United States Bankruptcy Judge


AGREED TO:

| | |
|---|---|
| AMEREX ENVIRONMENTAL SERVICES, INC. | JOSEPH J. PIRCON |
| By: _____<br>One of its attorneys | By: _____<br>One of his attorneys |
| David A. Newby<br>Coman & Anderson, P.C.<br>2525 Cabot Drive, Suite 300<br>Lisle, IL 60532 | Peter J. Roberts<br>Shaw Fishman Glantz & Towbin LLC<br>321 North Clark Street, Suite 800<br>Chicago, IL 60654 |

20463845.4